IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CR 28

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GREGORY ALLEN EDNEY | ) | |
| | ) | |

This matter is before the Court on a Status Report (Doc. 9) filed by Defendant.

On February 25, 2020, a Bill of Information was filed charging Defendant with attempting to evade or defeat taxes in violation of 26 U. S. C. §7201. Doc. 1. A Plea Agreement and a Factual Basis statement were filed the same day and multiple proceedings were scheduled to take place on March 18, 2020. Docs. 2 & 3.

On March 16, 2020, defense counsel filed a Joint Motion to Continue which advised, among other things, that Defendant had chronic and acute respiratory and immune system issues, that he had been hospitalized in ICU four times, and that he was presently running a fever. Doc. 7. The Motion, which was joined by the Government, requested that the hearings scheduled for March 18 be continued. That motion was granted, and the hearings were canceled. In addition, the parties were directed to advise the Clerk when Defendant's condition had improved.

1

In the Status Report, which was filed on May 11, 2020, defense counsel advises that Defendant's acute symptoms have improved but that his chronic underlying health conditions remain. Doc. 9. The report further states that Defendant's physician has indicated that Defendant's chronic health conditions put him at increased risk of contracting COVID 19 and has suggested that any court appearances be postponed "until the pandemic situation improves." Finally, the report represents that the Government would like to conduct a Rule 11 hearing as soon as practicable but that it also understands and appreciates Defendant's chronic conditions and defers to the Court's assessment of when it may be safe to conduct a hearing.

Appropriately balancing, in the midst of the unprecedented challenges posed by the COVID 19 virus, the need to conduct court proceedings that are constitutionally required or that otherwise should be conducted in the interests of justice with the need to protect the health and safety of persons who are involved in those proceedings is a difficult task. In this case, Defendant has been charged with a federal crime and has filed paperwork indicating his desire to plead guilty to that charge. Further, though Defendant suffers from health conditions, those conditions appear to be chronic ailments that are not likely to improve with time. Yet, the offense with which Defendant is charged is a nonviolent one pertaining to income tax returns filed for tax years 2013 – 2018, Defendant is not in custody, and his matter does not generally appear to

present a need for handling on an urgent basis.

Under these circumstances, the undersigned is not persuaded that postponing Defendant's proceedings indefinitely and "until the pandemic situation improves" is a viable option; it is not clear when public health conditions will have changed to the point that any concerns Defendant may have about appearing in court personally will be alleviated. Instead, Defendant's case will be reset for a date certain, though not immediately. Specifically, the Clerk will respectfully be directed to reset this matter for hearing in approximately thirty (30) days. <u>Accord</u>, General Order No. 3:20-mc-48-FDW, In re: COVID-19 Administrative Order Regarding Criminal Jury Trials and Others Matters (continuing all criminal jury trials that were scheduled to begin between April 1, 2020 and June 1, 2020 to a date set by each presiding judge, with all other hearings, conferences, and/or proceedings being subject to the discretion of the individual judge presiding over the proceeding). This setting is without prejudice to the rights of the parties to request further scheduling adjustments, as the circumstances may require.

It is so ordered.

Signed: May 14, 2020

_W. Carleton Metcalf_
W. Carleton Metcalf
United States Magistrate Judge